UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 07-196-JBC

RHODA BAILEY,                                                                                          PLAINTIFF,

V.                       MEMORANDUM OPINION AND ORDER

MINNESOTA LIFE INSURANCE COMPANY,                                      DEFENDANT.

* * * * * * * * * *

This matter is before the court on the defendant's motion for reconsideration of the court's memorandum opinion and order entered on March 24, 2009; motion for oral argument [R. 33]; and motion to extend time for filing a notice of appeal [R. 39]. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motions for reconsideration and oral argument and deny as moot the motion to extend time.

I.     Background

On May 27, 2008, the plaintiff moved to remand this action to Montgomery Circuit Court. In response to the plaintiff's motion, the defendant, for the first time in this litigation, raised the issue of diversity jurisdiction, and, five days after the plaintiff's motion became ripe, moved for leave to amend its notice of removal. The court denied the defendant's motion to amend the notice of removal and granted the plaintiff's motion to remand in a memorandum opinion and order entered on March 24, 2009, and the next day, the clerk of court mailed a certified copy of that order to the Montgomery Circuit Court. Then, on March 27, 2009, the defendant moved for

reconsideration.

## II. Analysis

The court lacks jurisdiction to reconsider its prior orders in this matter because the case has been remanded to state court. While the Sixth Circuit has issued numerous opinions concerning whether it has jurisdiction to review a district court's order of remand on appeal, it has not definitively ruled on whether a district court may reconsider its own remand order. However, the Sixth Circuit has "strongly suggested that §1447(d) precludes a district court from reviewing its own remand order by way of FED. R. CIV. P. 59." *Gibson v. Amer. Mining Ins. Co.*, No. 08-118-ART, 2008 WL 4858396, at *1 (E.D.Ky. Nov. 7, 2008); *see also* 16 *Moore's Federal Practice*, § 107.42 (Matthew Bender 3d ed.) (The language of §1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court.").

Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." This provision applies only to cases remanded under 28 U.S.C. § 1447(c). *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995) ("[O]nly remands based on grounds specified in §1447(c) are immune from review under §1447(d)."). Because the court remanded the instant action for lack of subject-matter jurisdiction, which is listed explicitly in §1447(c), the court is divested of jurisdiction and cannot reconsider its order.

Even though §1447(d) typically prevents federal courts from reviewing remand

orders under § 1447(c), the substantive-decision exception permits such a review when the order is "based on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction." *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1256 (6th Cir. 1996) (quoting *Regis Associates v. Rank Hotels (Management) Ltd.*, 894 F.2d 193, 194-95 (6th Cir. 1990)); *see also Waco v. United States Fidelity & Guar. Co.*, 293 U.S. 140, 143 (1934); *Baldridge v. Kentucky-Ohio Transp., Inc.*, 983 F.2d 1341, 1343-49 (6th Cir. 1993). In the instant action, the court determined that ERISA did not completely preempt the plaintiff's claims even though it did not use that exact language in its order of remand.[1] Because the court's conclusion that ERISA has not completely preempted the plaintiff's claims is "necessarily related to the question of jurisdiction," the substantive-decision exception does not apply, and the court lacks jurisdiction to reconsider its order. *Anusbigian*, 72 F.3d at 1256-57 (citing *Baldridge*, 983 F.2d at 1343-49).[2]

Likewise, the court lacks jurisdiction to review its order denying the defendant's motion for leave to amend the notice of removal. While § 1447(d) prevents the court from reconsidering its remand order, reconsideration of the order denying leave to amend the notice of removal is improper since the court no longer has jurisdiction over

---

[1] In the remand order, the court held that "this action does not 'arise under' ERISA." R. 31 at 16.

[2] Because the remand order was purely jurisdictional, it will have no preclusive effect on the state court's consideration of the substantive preemption defense. *See Baldridge*, 983 F.2d at 1346 (discussing *Solley v. First National Bank of Commerce*, 923 F.2d 406, 409 (5th Cir. 1991)).

3

the case. Once a federal court remands an action to state court, the federal court loses jurisdiction over all matters related to the action except for certain "collateral matters, such as costs, fees, and sanctions." 16 *Moore's Federal Practice* at § 107.43; *see also* 16 *Moore's Federal Practice* at § 107.41(3)(a)(iii) (citing *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 254-257 (6th Cir. 1997)). A motion for leave to amend the notice of removal is not such a collateral matter. Thus, the court has no authority to reconsider its order denying the defendant's motion to amend. In addition, reconsideration of the motion for leave to amend the notice of removal would be futile since the instant action already has been remanded to state court. Assuming, for the sake of argument, that the court granted the motion to reconsider and permitted the defendant to amend the notice of removal, the court still would lack the authority to reverse its remand order and return the case to federal court.

The defendant contends that the court's denial of leave to amend the notice of removal converts the remand order from one based on lack of subject-matter jurisdiction to one based on a procedural defect. In *Corporate Management Advisors, Inc. v. Artjen Complexus, Inc.*, No. 08-14606, 2009 U.S. App. LEXIS 5134 (11th Cir. Mar. 11, 2009), the Eleventh Circuit found that the matter actually was remanded because of a procedural defect even though the district court stated that the remand was based on a lack of subject-matter jurisdiction. The district court remanded the matter, which had been removed based on diversity jurisdiction, because the defendant failed to allege the citizenship of the parties in the notice of removal. The Eleventh

4

Circuit held that "the district court erred by remanding this case on jurisdictional grounds when faced solely with a procedural defect in the removal process" and directed the district court to grant the defendant leave to amend the notice of removal. *Id.* at *8.

Unlike *Corporate Management Advisors, Inc.*, the instant action was not remanded based on a procedural defect. Minnesota Life removed this matter on the basis of federal-question jurisdiction, not diversity jurisdiction. In fact, the defendant did not raise the possibility of diversity jurisdiction until after the parties concluded discovery on the issue of ERISA coverage and the plaintiff's lengthy motion to remand was fully briefed. Minnesota Life's failure to include diversity jurisdiction in the notice of removal and the court's subsequent remand for lack of federal-question jurisdiction does not constitute a procedural defect. The court merely refused to allow the defendant to change its ground for removal one year after the action was removed from state court.

Lastly, even if the court had jurisdiction to review its previous orders in this matter, reconsideration would be inappropriate. A motion to reconsider is treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). A Rule 59(e) motion may be granted where there is a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reargument is not an appropriate purpose for a motion to reconsider. *See Davenport v. Corrections Corp.*

*of America*, No. 05-CV-86-HRW, 2005 WL 2456241, at *1 (E.D.Ky. Oct. 4, 2005).

In its motion for reconsideration, the defendant fails to assert any newly discovered evidence, intervening change in controlling law, or manifest injustice. While the defendant contends that the court erred, its motion for reconsideration "is nothing but a request for the court to revisit the same issues previously rejected." *United States v. Titterington*, No. CR. 2-20165, 2003 WL 23924932, at *2 (W.D. Tenn. May 22, 2003) (quoting *United States v. West*, No. 01-40122-01, 2002 WL 1334870, at *1 (D. Kan. May 9, 2002)). Because the defendant is merely attempting to reargue the original motions, the motion for reconsideration must be denied. *Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (E.D. Tenn. 1997) ("motions to reconsider are not at the disposal of parties who want to "rehash" old arguments").

The court construed the defendant's motion for reconsideration as a motion to alter or amend under Rule 59 of the Federal Rules of Civil Procedure. Thus, according to the Federal Rules of Appellate Procedure, the parties have thirty days from the date of entry of this order to file a notice of appeal. FED. R. APP. P. 4(a)(1)(A) and 4(a)(4)(A)(iv). Since the Federal Rules automatically extend the time for filing notices of appeal when a party makes a Rule 59 motion, the defendant's motion to extend time for filing a notice of appeal [R. 39] is unnecessary.

### III.  Conclusion

Accordingly,

**IT IS ORDERED** that the defendant's motion for reconsideration of the court's memorandum opinion and order entered on March 24, 2009, and motion for oral

argument [R. 33] are **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion to extend time for filing notice of appeal [R. 39] is **DENIED AS MOOT**.

Signed on  May 18, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY